White, C. J.
The defendants in error sued the plaintiffs in error in the Court of Common Pleas of Cuyahoga county, upon the official bond of George H. Benham, a justice of the peace, on which the plaintiffs in error were sureties.
The breach assigned as the cause of action, though stated somewhat indefinitely, consists of this: The, plaintiffs having recovered a judgment before the justice, the judgment •debtor, within the ten days allowed by law for that purpose, •offered one Hayes as bail for stay of execution. The justice deeming Hayes acceptable as bail, the latter, by direction of •the justice, signéd his name in blank on the docket of the justice, for the purpose of beconling such bail; but the justice neglected to write an undertaking above the signature •of Hayes.
It appears from the petition, that after the expiration of the time allowed for stay of execution, Justice Benham having in the meantime died, his successor issued an execution against the judgment debtor, which was returned “ no property found whereon to levy.” That the plaintiffs below then instituted suit against Hayes to charge him as bail, which resulted, on account of his signature being merely in blank, in a judgment against them.
There is no averment in the petition that Justice Benham neglected to issue execution; nor do the plaintiffs rely for their cause of action on such neglect.
They claim that, by reason of the neglect of the justice to write out the undertaking, they have suffered damages to the amount of the judgment.
The petition was demurred to, on the ground that it did •not state facts sufficient to constitute a cause of action. The demurrer having been overruled, the defendants filed an answer, admitting the execution of the bond and the *260 recovery of the judgment before the justice, as alleged in the petition, but denying the other allegations.
Issue was also joined by answer and reply as to whether Hayes had become insolvent between the time of his signing the docket and the time allowed for stay of execution.
On the trial certain exceptions were taken to the admission of evidence, which, in the view we take of the case,, become immaterial.
The court instructed the jury, among other things, in substance, that if Hayes was accepted by Benham as bail for stay, his omission to fill up the blank over Hayes’ signature, with the proper undertaking for stay of execution,, rendered the defendants liable, upon the official bond of the justice, for such omission, to the amount of the judgment recovered by the plaintiff's before the justice, as set forth in tbe petition, unless the amount should be reduced in consequence of the insolvency of Hayes at the time-the stay would have expired, if the undertaking had been valid.
The jury returned a verdict in favor of the plaintiffs for the amount claimed, on which judgment was rendered. This judgment was affirmed, on error, by the District: Court; and the object of the present petition is to obtain the reversal of this judgment.
It seems to us the plaintiffs, in framing their petition,, misconceived their grounds of action, and this misconception, seems to have governed in the conduct of the case throughout. The duty of the justice, in regard to the matter in question, is prescribed by the statute; and for his neglect to perform a ministerial act enjoined on him by law, to the-injury of the plaintiffs, they have a right of action on his bond. Their damages are, of course, to be estimated with reference to the loss caused by such neglect.
The statute makes it the duty of the justice to issue execution on a judgment, on the application of the party entitled thereto, at any time after its rendition, unless the necessary steps have been taken, by appeal or otherwise, to stay the enforcement of the judgment.
*261 If no such steps have been taken within ten days from the entry of judgment, it is made his duty at the expiration of that time, to issue execution without demand, and to proceed to collect the judgment, unless otherwise directed by the judgment creditor. If the justice refuses or neglects to perform this duty, he is guilty of a breach of his bond, for which he and. his sureties are liable to the ¡creditor. The extent of such liability is to be measured by the extent of the loss. If the judgment creditor should be insolvent, and thus the issuing of the execution could not have benefited, the creditor, no more than nominal damages would be recoverable, in the absence of malice or corrupt motive.
In the present case, as already remarked, it is not averred that the justice neglected to issue execution; but if such ¡neglect could be implied, there is neither averment nor proof to show that the judgment debtor had any property subject to execution whereby the plaintiffs could have been injured by such neglect.
The duty the law imposes on the justice to issue execution, is for the benefit of the creditor. The neglect of the justice in this respect would afford no ground of action to the judgment debtor.
The right to have the execution stayed, by giving bail in the mode prescribed by statute, is a privilege provided by law for the judgment debtor, of which he may avail himself or not. If the justice should wrongfully refuse to allow him to enter bail for stay or for appeal, or should, by culpable negligence, deprive him of the benefit of either, .such conduct would afford no ground of action to the plaintiff.
The signature of Hayes in blank did not affect the right of the plaintiffs to have execution issued, nor relieve the justice of the duty to .them of issuing it. In order to have that effect the undertaking must be entered on the docket and be signed by the surety. And the legal effect of the undertaking is the same whether the docket remains with *262 the justice who rendered the judgment, or has passed under the law, into the hands of his successor.
When the undertaking becomes operative, so as to suspend execution, it inures to the benefit of the creditor, but not till then, and is additional security, which the law provides for the creditor, as a consideration for compelling him-to submit to delay.
We do not consider the question here made as concluded’ by the decision in Kerns v. Schoonmaker, 4 Ohio, 431.
The decision in that case was in favor of the justice. It is true it was placed altogether on the ground that the action was barred by the statute of limitations; but that was the only question presented in argument, and the only question considered by the court in the opinion.
In Herig v. Nougaret, 7 Ohio St. 480, the suit was brought upon the record of a justice, against the bail, for stay of execution. The record contained the judgment, and an-undertaking, in the usual form, for stay, signed by the defendant. The latter offered evidence to impeach the record,, which this court held was properly rejected.
The undertaking was a debt of record, and, like a recognizance, or the judgment to which it related, imported,, in a collateral suit, as between the parties, absolute verity. In the present case there was no such record.
It appeared that the bond sued on had been stamped with a revenue stamp of fifty cents, the act of Congress, as-it is claimed, requiring a dollar stamp. The defendants contended the bond was void on this account.
On this point the court instructed the jury as follows:
“No testimony having been offered on either side to explain the omission of the proper stamp on said bond, the bond will not be held invalid, for the simple omission of the proper stamp, without proof that it was omitted with the-intention to evade the revenue laws of the United States,, if the jury were satisfied from the then recent change in-the law of Congress, or otherwise, that no such intention-existed.”
We see no error in this charge of which the plaintiff' in. *263 error can complain. The action was brought on a certified copy of the bond, as authorized by the statute. The bond was dated April 25, 1865, and its execution by the plaintiffs in error was admitted by the answer. No question, therefore, properly arises under section 163 of the revenue law,, as to whether the bond was admissible in evidence. The simple question is whether the insufficiency of the stamp renders the bond void, under section 158 of the act. We regard this question as already determined in Harper v. Clark, 17 Ohio St. 90.
It appeared, from the testimony of the city clerk, that at the time of the presentation and approval of the bond, it was supposed that only a fifty cent stamp was required. The plaintiffs had no connection with the making of the bond, nor with its possession or custody. They were charged with no duty in respect to it. The nature of the instrument rendered it unassignable. If a stamp was required, the duty of affixing it rested on the makers, and not on suitors who might become interested in the bond by the official misconduct of the principal.
In confining our remarks to the ground on which the charge was placed in the court below, we do not mean to be understood as conceding that the act of Congress, in regard to stamping official bonds, can be made to apply to bonds required by the state of its officers, in carrying -on the functions of the state government, in any of its departments. That question we deem it unnecessary to consider.
The judgment of the District Court, and that of the Court of Common Pleas, will be reversed, and the cause remanded to the court last named, for further proceeding.